**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY HARRIS, derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-09841-SHS |
| GARY CINOTTO, derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-09900-SHS |
| BENJAMIN NATHANSON, derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-10333-SHS |
| SAM COHEN, derivatively on behalf of Citigroup Inc., <br> v. <br> CITIGROUP INC., ET AL., <br> Defendants. | 1:07-cv-10344-SHS |
| WALTER E. RYAN, JR., derivatively on behalf of Citigroup Inc., <br> v. <br> CHARLES O. PRINCE, ET AL., <br> Defendants. | 1:07-cv-11581-UA |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE
RELATED SHAREHOLDER DERIVATIVE ACTIONS AND APPOINT A
<u>LEADERSHIP STRUCTURE FOR DERIVATIVE PLAINTIFFS</u>**

Plaintiff Walter E. Ryan, Jr. ("Plaintiff" or "Ryan") respectfully moves for an order consolidating the above-captioned related actions for all purposes pursuant to Fed. R. Civ. P. 42(a) and appointing the law firm of Krislov & Associates, Ltd. ("Krislov & Associates") as lead counsel and Faruqi & Faruqi, LLP ("Faruqi & Faruqi") as liaison counsel for Plaintiffs.

The above-captioned actions are shareholder derivative actions brought by shareholders of nominal defendant Citigroup Inc. ("Citi" or the "Company"), against

Citi's Board of Directors, officers and former officers (the "Individual Defendants") alleging that the Individual Defendants breached their fiduciary duties to Citi in connection with the Company's improper subprime lending practices and improper disclosures to Citi's shareholders. Citi has incurred tremendous damages as a result of the various practices permitted by or participated in by the Individual Defendants where Citi allowed itself to be greatly exposed to subprime loans, failed to properly account for those loans or disclose the extent of the exposure to investors as well as waste corporate assets by repurchasing shares at an inflated price, while insiders sold Citi common stock.

Plaintiff Ryan who owns over 50,000 shares of Citi common stock, filed this shareholder derivative complaint on December 26, 2007. The Complaint alleges the same causes of action as the above-captioned cases. In addition, class actions and Employment Retirement Income Security Act ("ERISA") actions have been filed against Citi in connection with the same subprime practices. The related cases have been reassigned to this Court. *Nathanson v. Smith, et al.*, No. 1:07-cv-10333, doc. No. 10, Order dated 1/3/2008. (Defendants' motion to reassign related cases was dismissed as moot because "matter was previously reassigned to Judge Stein."). Plaintiff believes that all derivative cases should be consolidated before this court for the efficient and expeditious disposition of the cases.

Plaintiff now seeks an order pursuant to Rule 42(a) of the Federal Rules of Civil Procedure consolidating the above-captioned actions and all later filed related shareholder derivative actions involving nominal defendant Citi pending in the Southern District of New York. Consolidation is warranted given the similarities of the actions, to facilitate judicial economy and to ensure the orderly prosecution of the claims brought on

behalf of the Company.

Plaintiff further seeks an order appointing lead counsel to prosecute the consolidated derivative actions. Plaintiff believes that the appointment of a lead counsel structure will contribute to the efficient prosecution of all derivative actions brought on behalf of Citi and focus the proceedings against the directors. Plaintiff respectfully requests that this Court grant his motion to consolidate the above captioned actions for all purposes and approve Plaintiff's selection of lead counsel.

Plaintiff seeks consolidation of the following shareholder derivative actions. *Harris v. Prince, et al.*, No. 1:07-cv-09841-SHS, *Cinotto v. Prince, et al.*, No. 1:07-cv-09900-SHS, *Nathanson v. Prince, et al.*, No. 1:07-cv-10333-SHS, *Cohen v. Citigroup Inc., et al.*, No. 1:07-cv-10344-SHS and this action, *Ryan v. Prince, et al.*, No. 1:07-cv-11581-UA (collectively, the "Derivative Actions"). All of these actions have substantially similar issues and revolve around the same nucleus of operative facts. Upon information and belief, Plaintiff Ryan by far holds the largest number of shares of Citi stock of any of the plaintiffs in the Derivative Actions.

Federal Rule of Civil Procedure 42 provides for the consolidation of actions, specifically:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed R. Civ. P. 42 (a)

Consolidating actions where appropriate can help avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial.

3

*In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1014 (5th Cir. 1977). It is particularly appropriate because the "cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are brought." *Millman v. Brinkley*, No. 03-3831, 2004 U.S. Dist. LEXIS 20113, at *6-7 (N.D. Ga. Oct. 1, 2004) (citing *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958)).

Here, the Derivative Actions name similar if not identical defendants, state the same claims on behalf of Citi and arise from the same factual circumstances. Defendants have acknowledged that the actions are "related" and have requested reassignment of the cases. Consolidation of the Derivative Actions is necessary and appropriate and will serve to promote efficient litigation by expediting pretrial proceedings, avoiding duplication of effort, avoiding harassment of parties and witness and minimizing the expenditure of time and money by all parties. Consolidation is also warranted because all of these cases are dependant on proof of the same questions of law and fact – specifically, whether the individual defendants breached their fiduciary duties to Citi by, among other things, failing to control Citi's subprime exposure. Indeed, plaintiffs in each case will seek to review the same documents and depose the same witnesses.

Consolidation is appropriate at this time because, as noted above, the cases have already been reassigned to Judge Stein.

### This Court Should Appoint Lead and Liaison Counsel for the Consolidated Derivative Actions.

It is well settled that the court may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation. *See McMorris v. TJX Cos., Inc.*, 493 F. Supp. 2d 158 (D. Mass. 2007); *Horn v. Raines*, 227 F.R.D. 1, 4 (D.D.C. 2005). Plaintiff Ryan, a significant stakeholder, respectfully asks this Court to appoint his chosen counsel,

4

Krislov & Associates as lead counsel and Faruqi & Faruqi as liaison counsel. Both firms will vigorously prosecute this action on behalf of Mr. Ryan and Citi.

Federal Courts have formulated a test in derivative diversity cases that governs the appointment of a lead plaintiff. In *Dollens v. Zionts*, No. 01 C 5931, 2001 U.S. Dist. LEXIS 19966, at *15 (N.D. Ill. Dec. 4, 2001), the court articulated a test of the following criteria: (1) the quality of the pleading that appears best able to represent the interest of the derivative plaintiffs; (2) the shareholder plaintiff that has the greatest economic interest in the action; and (3) whether a particular litigant has prosecuted its lawsuit with greater energy, enthusiasm or vigor than have other similarly situated litigants. *Id.* Courts also look to the experience and prior success record, the number, size and extent of involvement of represented litigations, the advanced stage of proceedings in a particular suit, and the nature of the causes of action alleged. *Horn,* citing 3 Herbert B. Newberg & Alba Conte, Newberg *on Class Actions* § 9.35 at 388 (4th ed. 2002). *See also Millman,* 2004 U.S. Dist. LEXIS 20113. Plaintiff Ryan and his counsel satisfy the criterion with flying colors. Plaintiff filed a well-researched, well-pled complaint with this Court, has a tremendous economic interest in the outcome and has prosecuted and will continue to prosecute this case vigorously. Finally, Mr. Ryan and his chosen counsel have excellent records of success in prosecuting shareholder actions.

### A.    Plaintiff Filed a Well Researched Complaint

Plaintiff filed a procedurally sound and substantively accurate complaint. It is a three count complaint alleging breach of fiduciary duties of care, loyalty and good faith, misappropriation of inside information and waste of corporate assets. Although not first filed, Mr. Ryan's complaint is not a duplicate of other filed complaints, but a product of

5

independent research by Plaintiff's counsel. Being the first to file is of no consequence. Courts often decry this "rush to the courthouse" mentality that produces, often, less than well-researched pleadings. *Atkins v. Hiram*, No. 12887, 1993 Del. Ch. LEXIS 149, at *7 (Del. Ch. July 26, 1993) (noting that it is less important that an action was first filed when neither action is in a more procedurally advanced state).

### B.     Mr. Ryan has a Tremendous Economic Interest in this Litigation

Plaintiff holds over 50,000 shares of Citi and has suffered losses to his portfolio of over $1.2 million because of the Individual Defendants' actions. Further, Mr. Ryan is a value investor that makes his own investment decisions using his own techniques and analysis to determine which securities to invest in. His analysis relies on his receipt of accurate and complete information about the Company, which the Individual Defendants failed to provide. Plaintiff purchased his shares between 2002 and 2003, long before the wrongdoing occurred. Upon information and belief, no other plaintiff in these actions holds a comparable amount of shares. Mr. Ryan is committed to prosecuting the wrongdoers on behalf of Citi, to assist in rehabilitating the Company to the point where he can recover those losses through Citi's success.

### C.     Mr. Ryan Has, and will Continue to Prosecute this Litigation Vigorously

Mr. Ryan has served document requests and interrogatories upon Defendants in this case. Mr. Ryan's personal experience in shareholder litigation as well the success record of his chosen counsel, provides further evidence that Plaintiff will vigorously prosecute this case.

### D.     Mr. Ryan and poposed Lead Counsel Have Had Success in Shareholder Derivative and Direct Actions

6

Plaintiff has successfully prosecuted a number of shareholder actions in both the Delaware Chancery Court and in Federal Courts around the country. In these actions, Mr. Ryan has been deposed at least four times, never being disqualified, even under more stringent federal securities litigation standards. Most recently, Mr. Ryan has been the derivative plaintiff in the stock-options backdating case, *Ryan v. Gifford*, No. 2213-CC (Del. Ch.), which has produced a number of ground-breaking opinions regarding Delaware law. See *Ryan v. Gifford*, 918 A.2d 341, 352 (Del. Ch. 2007) (first case declaring stock-options backdating a breach of fiduciary duty), *Ryan v. Gifford*, 935 A.2d 258 (Del. Ch. 2007) (establishing officer jurisdiction under §3114 of the Delaware Corporation code), *Ryan v. Gifford*, No. 2213, 2007 Del. Ch. LEXIS 168 (Del. Ch. Nov. 30, 2007) (holding that special committee of board of directors disclosure to Board and their counsel waived attorney-client privilege), *Ryan v. Gifford*, No. 2213, 2008 WL 43699 (Del. Ch. Jan. 2, 2008) (denying application for interlocutory appeal clarifying privilege decision). That action is proceeding rapidly towards trial in the Delaware Chancery Court, and Mr. Ryan has vigorously and ably assisted in prosecuting that action.

Further, proposed lead counsel, Krislov & Associates has shown its ability and success in prosecuting shareholder actions in the most complicated of cases. The Krislov Firm is located in Illinois and is comprised of experienced and successful litigators with a wealth of knowledge in corporate law. The Krislov Firm's accomplishments are well known in Illinois and elsewhere, having obtained more than 200 reported decisions, many of which established the law in class action, shareholders, and public pension rights in Illinois and elsewhere, most recently in *Ryan,* 918 A.2d 341, declaring that options

backdating violates corporate and shareholder fiduciary duties. *See* firm resume attached hereto as Exhibit A.

Also, proposed liaison counsel, Faruqi & Faruqi has extensive experience in complex litigation, including shareholder derivative and class actions and is familiar with local practices and procedures, and has an office in this District. The attorneys at Faruqi & Faruqi have more than 100 years of combined experience representing shareholders in derivative and class action litigation. Faruqi & Faruqi is currently sole lead or co-lead counsel in dozens of shareholder derivative and class actions pending throughout the United States in both state and federal courts. Furthermore, Faruqi & Faruqi has been recognized by numerous courts for achieving excellent results for shareholders of corporations. For example, in *Brickell Partners v. Emerging Commc'ns, Inc.*, Civil No. 16415 (Del. Ch. 1998), Faruqi & Faruqi, as sole lead counsel, was instrumental in establishing new law and new standards for determining the fiduciary duties of corporate directors, especially directors who have specialized backgrounds (such as accountants, lawyers and financial experts). The *Brickell Partners* action was litigated vigorously for over four years, including a six week trial, until the Court returned a verdict in favor of plaintiff. In *In re Avatex Corp. S'holders Litig.*, C.A. No. 16334-NC (Del. Ch. 1999), Faruqi & Faruqi, as sole lead counsel, successfully established new standards for the rights of preferred shareholders under Delaware law. Furthermore, in *In re Tenet Healthcare Corp. Deriv. Litig.*, No. 01098905, in Superior Court of California for the County of Santa Barbara, Faruqi & Faruqi, as one of plaintiffs' co-lead counsel, secured $51.5 million in cash for the company and substantial corporate governance changes to be implemented and maintained by the company. *See* Faruqi & Faruqi firm resume, attached hereto as Exhibit B.

## CONCLUSION

For the above stated reasons, Plaintiff Ryan respectfully asks this Court for an order consolidating the derivative cases and appointing Krislov & Associates as lead Counsel and Faruqi & Faruqi as liaison counsel.

Dated:  January 17, 2008                    FARUQI & FARUQI LLP

                                            s/Christopher Marlborough
                                                Christopher Marlborough (CM-6107)
                                            David Leventhal (DL-7673)
                                            Beth A. Keller (BK-9421)
                                            369 Lexington Avenue, 10th Floor
                                            New York, New York 10017
                                            Tel: 212-983-9330
                                            Fax: 212-983-9331

                                            Clinton A. Krislov
                                            Jeffrey M. Salas
                                            KRISLOV & ASSOCIATES, LTD.
                                            20 North Wacker Drive, Suite 1350
                                            Chicago, IL 60606
                                            Tel: 312-606-0500
                                            Fax: 312-606-0207

                                            *Attorneys for Plaintiff Walter E. Ryan*